IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENDALL KEITH RICHARDS,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 2:17-cv-02713

JAMES STEPHEN VUKSIC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motions for Summary Judgment)

Pending before the court is defendant James Vuksic's Motion for Summary Judgment [ECF No. 39] and defendants Michael Vuksic, Scott Marion, and Mitchell Lang's Motion for Summary Judgment [ECF No. 41]. Because these Motions rely on the same legal arguments and material facts, the court has decided them together. For the reasons explained below, these Motions are **DENIED**.

I.    Background

The plaintiff, Kendall Keith Richards, seeks damages arising out of alleged false statements made by the defendants, James Vuksic, Michael Vuksic, Scott Marion, and Mitchell Lang, and he is seeking relief from the defendants' alleged tortious interference with his business relations. *See* Am. Compl.; [ECF No. 39-2]. He is also seeking enforcement of a loan agreement between himself and James Vuksic. *Id.*

The defendants assert "truth" as a defense to all the plaintiff's claims. That is, the basis of the defendants' arguments depends on whether a controverted $1.2 million was a loan from James Vuksic to the plaintiff or whether it was stolen by the plaintiff. Importantly, the plaintiff has been indicted in the Common Pleas Court in Washington County, Ohio, over this "transaction." Mot. Summ. J. Ex. 1 at 1; [ECF No. 39-2]. In the criminal case, the plaintiff has pleaded guilty to the crime of Aggravated Theft. *Id.* at 6. But there is a catch: While the Ohio court has accepted the plaintiff's plea agreement, it has withheld adjudging the plaintiff guilty. *Id.* at 11. In fact, pursuant to the plea agreement, if the plaintiff restores the money before October 18, 2019, at 10:00 a.m., the prosecution will dismiss the charges with prejudice. *Id* at 7. If, however, the plaintiff fails to return the money, the Ohio court will accept the plea and find him guilty. *Id.* at 12.

The issue on summary judgment is what effect the plaintiff's guilty plea and related statements have on the money dispute. The defendants argue that the plaintiff's statements, plea agreement, and guilty plea conclusively resolve the issue—that the plaintiff admits to stealing the money. On the other hand, the plaintiff argues that he agreed to the stipulation of facts *only* if the plea is ultimately accepted. He maintains that the money was a part of a loan agreement and that his plea agreement "amounted to nothing more than a confirmation of that fact." Pl.'s Resp 3; [ECF No. 43].

## II. Legal Standards

### a. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case." *News & Observer Publ'g. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). "A genuine issue of material fact exists if . . . a reasonable fact-finder could return a verdict for the non-movant." *Runyon v. Hannah*, No. 2:12-1394, 2013 WL 2151235, at *2 (S.D. W. Va. May 16, 2013) (citations omitted); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("Disposition by summary judgment is appropriate . . . where the record as a whole could not lead a rational trier of fact to find for the non-movant."). The moving party bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp.*, 477 U.S. at 322–23. The

nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of summary judgment. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### b. Conflicts of Law

As a threshold matter, the court must decide the preclusive effect of the plaintiff's guilty plea and related judgment. "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466 (1982) (citing 28 U.S.C. § 1738); *see also In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995). Here, the relevant state court is in Washington County, Ohio; therefore, the court will apply Ohio law.

## III. Discussion

### a. Preclusive Effect of Guilty Pleas

The defendants cite 18 U.S.C. § 3664(*l*) as the only support for their assertion that the plaintiff's guilty plea is conclusive in this action. Def. Reply at 4; [Dkt No. 45]. The statute, as cited by the defendants, reads as follows:

> A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

§ 3664(*l*).

This statute, however, is inapposite. First, the plaintiff has not been "*convicted* of an act giving rise to an order or restitution;" instead, he faces a contingent guilty plea that may be dismissed. Second, the statute applies to suits "brought by the victim" of the crime; Mr. Richards, the *defendant* in the criminal case, brought this suit. But most importantly, the defendants omitted that this statute is the procedure for issuing and enforcing orders of restitution under Title 18 of the *United States Code*. *See* 18 U.S.C. § 3663 ("An order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664"). The plaintiff's criminal action was brought under Ohio law, not federal law.

In Ohio, "guilty pleas are not generally given preclusive effects [sic] in subsequent civil actions." *State v. C.A.*, Nos. 14AP-738, 14AP-746, 2015 WL 5011700, at *6 (Ohio Ct. App. 2015). "Neither a plea of guilty in a criminal prosecution, nor the judgment founded upon it, are conclusive against the defendant in a civil action. Such plea stands like any other confession of a party, and may be controverted." *Id.* (quoting *Clark v. Irvin*, 9 Ohio 131 (1839)); *Allstate Ins. Co. v. Cartwright,* 2d Dist. No. 15472 (June 27, 1997) (showing the continuing vitality of *Clark*). "Ohio law considers guilty pleas in a subsequent civil case as equivalent to any other confession evidence, evidence that may be explained or rebutted, not res judicata." *C.A.*, 2015 WL 5011700, at *7.

> [T]he proposition that a criminal conviction arising from a plea of guilty is conclusive for all purposes and for all times, i.e., res judicata of the facts necessarily

5

> encompassed therein, has a reasonable appeal. Although [Ohio courts] have historically followed the practice of admitting the fact of a prior guilty plea in a criminal case into evidence in a civil proceeding predicated upon the same acts which supported the conviction, [they] have never held, nor has it ever been claimed, that the conviction is res judicata as to the act in controversy in the civil proceeding.

*Id.* at *8 (quoting *State ex rel. Kendzia v. Carney*, 20 Ohio St. 2d 37, 40–41 (1969) (Schneider, J. dissenting). "Unquestionably, one reason for this is that in many cases a plea of guilty may, in fact, amount to a compromise by the defendant to avoid an expensive or undesirable trial, or both." *Id.* (quoting *Carney*, 20 Ohio St. 2d at 41). Furthermore, the Fourth District Court of Appeals has found that

> the advantages gained by preclusion do not outweigh the risks inherent in allowing a criminal conviction to bind a defendant in a subsequent civil suit based on the same conduct. Procedural and discovery differences between the criminal and civil forums coupled with the defendant's dilemma over whether to testify in his own behalf or present any defense at the criminal trial make preclusion in this instance a precarious and, we believe, unwise practice.[1]

*Phillips v. Rayburn*, 113 Ohio App. 3d 374, 381–82 (Ohio Ct. App. 1996)).

Thus, if neither guilty pleas nor judgments founded upon them are conclusive against the defendant in a subsequent civil action, then, *a fortiori*, statements given during a plea hearing on a criminal charge that may or may not be dismissed with prejudice may also be explained or rebutted and are not conclusive, particularly when those statements are contingent.

---

[1] The court takes judicial notice of the fact that the Washington County Common Pleas Court falls within the jurisdiction of the Fourth District Court of Appeals. Consequently, the Fourth District's decisions are binding.

b. Collateral Estoppel[2]

More generally, principals of collateral estoppel would not bar the plaintiff here either. Collateral estoppel precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. *Fort Frye Teachers Ass'n, OEA/NEA v. State Emp. Rel. Bd.,* 692 N.E.2d 140, 144 (Ohio 1998). A party asserting collateral estoppel must plead and prove four elements:

> (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action;
>
> (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (3) the issue [was] admitted or actually tried and decided and [was] necessary to the final judgment; and
>
> (4) the issue [is] identical to the issue involved in the prior suit.

*Monahan v. Eagle Picher Industries, Inc.,* 486 N.E.2d 1165, 1168 (Ohio Ct. App. 1984)).

The court need go no further than the second element: there is no final judgment in the plaintiff's criminal action. And if the plaintiff restores the $1.2 million, there likely never will be because the plea agreement directs the prosecutors to dismiss the remaining charge with prejudice. As such, the plaintiff is

---

[2] The court observes that while the parties argue over the conclusiveness of the plaintiff's guilty plea, both parties failed to cite any case law discussing or stating the elements of collateral estoppel, or issue preclusion.

not collaterally estopped from litigating the issue on whether the money was loaned or stolen.

### c. Genuine Issue of Material Fact

It is apparent to the court that a genuine issue of material fact exists as to whether the $1.2 million in issue was stolen or loaned. To be sure, the plaintiff's guilty plea states that he admits committing the offense. At his plea hearing, he told the Ohio court the facts and circumstances of his guilt, and his attorney stated on the record that the plaintiff

> did deprive – did with purpose, deprive the owner of property or services, knowingly obtain or exert control over the property or services beyond the scope of the express or implied consent of the owner or person authorized to give consent, who would be James Vuksic. And the value of that property involved was $750,000 or more. . . . [T]he facts here are basically that the [plaintiff] titled cars that were supposed to be purchased with money from Mr. Vuksic, and that that resulted in the agreed restitution amount being lost by Mr. [James] Vuksic.

Pl.'s Resp. 10; [ECF No. 43-2 at 10].

But the Ohio court found both on the record and in its Journal Entry that the plaintiff's plea of guilty "would not be entered by the Court, pursuant to a plea agreement between the [plaintiff] and the State of Ohio." *Id.* at 1. Also on the record and noted in the Journal Entry, the plaintiff agreed to the statement of facts supporting the plea but "*only* if the court would later [] make a finding of guilty." The court would only have to make a finding of guilty if the plaintiff fails to return the $1.2 million to Mr. Vuksic before October 18, 2019, at 10:00 a.m. Pl.'s Resp. Exhibit C at 4; [ECF No. 43-3] (emphasis added).

8

Meanwhile, the plaintiff has testified and maintained that the money was a loan. He has explained that loan was for him to purchase used vehicles at auction in Canada as part of his business. He also maintains that the loan was for four and a half percent over five years. Because the court must draw any reasonable inferences from the underlying facts in the light most favorable to the nonmoving party, the court finds that a reasonable jury could find that the $1.2 million was a loan. As such, the court **FINDS** that a genuine dispute as to a material fact exists, and therefore **DENIES** the defendants' motions for summary judgment.

## IV. Conclusion

For the reasons discussed above, James Vuksic's Motion for Summary Judgment [ECF No. 39] and Michael Vuksic, Scott Marion, and Mitchell Lang's Motion for Summary Judgment [ECF No. 41] are **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 10, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE